PER CURIAM.
Writ granted in part, otherwise denied. After performing an in camera inspection of Carlton Thornton’s informant file as ordered by the court of appeal, the district court shall disclose all material exculpatory evidence contained in such a file to the defendant. La.C.Cr.P. art. 718(A); see, e.g., Kyles v. Whitley, 514 U.S. 419, 434, 115 S.Ct. 1555, 1566, 131 L.Ed.2d 490 (1995); United States v. Bagley, 473 U.S. 667, 676, 105 S.Ct. 3375, 3381, 87 L.Ed.2d 481 (1985).
Further, on the showing made, it appears that Thornton’s February 29, 2000 arrest may confer upon the state some leverage over him, potentially affecting his testimony. The district court should thus hold a hearing to determine whether the state could file charges or otherwise exert leverage over Thornton as a result of the arrest. If it can, the defendant is entitled to introduce such information at trial. State v. Vale, 95-1230, p. 4 (La.1/26/96), 666 So.2d 1070, 1072. See also La.C.E. art. 607(D)(1)(“Extrinsic evidence to show a witness’ bias, interest, corruption, or defect of capacity is admissible to attack the credibility of the witness.”).
*1047 In all other respects, the application is denied.
TRAYLOR and KNOLL, JJ., would deny the writ.